FILED
United States Court of Appeals
Tenth Circuit

July 31, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

JOEY DEAL,

     Petitioner - Appellant,

v.

ANTHONY ROMERO, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

     Respondents - Appellees.

No. 08-2301
(D. N.M.)
(D.Ct. No. 1:08-CV-00439-JCH-RLP)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING APPEAL

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this panel has agreed to honor the Appellant's waiver of oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). Therefore, this case stands submitted on the briefs.

Joey Deal, a New Mexico state prisoner appearing *pro se*[1] and *in forma pauperis*, seeks to appeal from the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Because Deal has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C.

_____

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

§ 2253(c)(2), we deny his request for a certificate of appealability (COA) and dismiss this matter.

Deal confessed to having sexual intercourse with his daughter during a video-taped interview with the police. He was convicted by a jury of 12 counts of criminal sexual penetration in the second degree, 19 counts of criminal sexual penetration in the third degree, 10 counts of criminal sexual contact of a minor, one count of intimidation of a witness, one count of child abuse (or in the alternative contributing to the delinquency of a minor) and 36 counts of incest. Deal was sentenced to a total of 108 years in prison, all but 60 years suspended. The New Mexico Court of Appeals affirmed and the New Mexico Supreme Court denied certiorari review.

Deal filed a petition for post-conviction relief in state court. After appointing counsel and holding an evidentiary hearing, the court denied relief in a comprehensive order. The New Mexico Supreme Court denied certiorari review. Deal filed a second petition for post-conviction relief in state court. The state court again denied relief and the New Mexico Supreme Court again denied certiorari review.

Deal filed a 28 U.S.C. § 2254 petition for habeas corpus alleging (1) violation of the Fifth and Fourteenth Amendments and *Brady v. Maryland*, 373 U.S. 83 (1963), based on the State's failure to provide the defense with the videotaped statements of the victim, her mother and her grandmother; (2)

violation of due process based on the trial court's failure to suppress Deal's involuntary confession to the police; (3) violation of the Fourteenth Amendment based on the State's use of perjured testimony to obtain his convictions; violation of due process and double jeopardy based on the State's use of identically worded counts in the information thereby depriving him of the notice necessary to defend himself; (5) vindictive prosecution based on the State adding 36 counts of incest after Deal turned down its plea offer and insisted on his right to trial; (6) insufficiency of the evidence to support all but three of the counts against him; (7) insufficiency of the evidence to support his convictions for second and third degree criminal sexual penetration and criminal sexual contact because the State failed to prove beyond a reasonable doubt these offenses were perpetrated by the use of force or coercion; (8) violation of due process based on the State's failure to respond to his second petition for post-conviction relief in state court; (9) violation of due process based on the trial court's failure to address the voluntariness of Deal's confession and its submission of the issue to the jury without proper instruction; (10) violation of his Sixth Amendment right to counsel based on a conflict of interest between his trial, appellate and habeas attorneys as all were employed by the New Mexico Public Defender's Office; (11) ineffective assistance of trial counsel; and (12) ineffective assistance of appellate counsel.

The case was assigned to a magistrate judge. Deal subsequently moved to dismiss claims 8 to 10 because they were unexhausted. The magistrate judge

issued a report, recommending the unexhausted claims be dismissed without prejudice. After a thorough review and discussion, the magistrate judge recommended the remaining claims be dismissed on their merits. Deal filed objections to the magistrate judge's recommendation.[2] The district court, applying a de novo review, rejected Deal's objections and adopted the recommendation in toto.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we

---

[2] Even according a "solicitous construction" to his pro se pleadings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), Deal failed to object to the magistrate judge's report and recommendation as to claims 6 and 12. We have adopted a "firm waiver rule" whereby the failure to timely object to a "magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quotations omitted). Neither exception to the firm waiver rule applies here. In any event, even excusing this procedural defect, Deal is not entitled to a COA on any of his claims.

undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

We have reviewed the record (including the state court proceedings, the magistrate's report and recommendation and the district court's order) as well as Deal's COA application, proposed opening brief and the additional legal authority he submitted with our permission. Because we conclude no jurist of reason could debate the correctness of the district court's decision, we **DENY** his request for a COA and **DISMISS** this nascent appeal. We also **DENY** Deal's "Motion to Have Trial Tapes Added to Record on Appeal." The tapes were not part of the district court record and Deal did not make a request with the district court for their production.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge